Case number 23-5673, Percy Brown v. Louisville-Jefferson Co KY et al. Argument not to exceed 15 minutes per side. Mr. Slosser for the appellant. All right. You may proceed. Thank you. Good afternoon, Your Honors, and may it please the Court. My name is Elliot Slosser, and I'm here on behalf of the Plaintiff Appellant, Percy Brown. Between 2008 and 2015, Mr. Brown was indicted and re-indicted six times on 34 charges. Because the crimes were intertwined, the Commonwealth successfully consolidated the criminal cases in 2010 into a single criminal proceeding, stating, quote, the nature of the crimes and the evidence are similar and are all part of a pattern of conduct committed by the defendant, end quote. By April 5, 2016, all criminal charges were dismissed. Plaintiff filed suit within one year of that and was precluded from filing suit until the favorable resolution of the criminal proceeding by Heck and McDonough. The lower court held the plaintiff was required to file... Oh, I'm sorry. But he's suing about the murder charge, right? He was suing... No, I'm sorry, the rape. Was it rape or murder? I'm sorry. Yes, Your Honor. So Mr. Brown, the lawsuit relates to charges involving murder, rape, a check cashing scheme, and a host of crimes. His lawsuit, both in 2009 that he filed pro se, that was dismissed because it wasn't ripe, according to the first district court that heard this, and the lawsuit that he filed that's before this court, centers on all of those charges. What he has alleged is that there was a conspiracy to fabricate evidence and manufacture evidence without probable cause that caused a deprivation of his liberty over seven and a half years of wrongful incarceration. And so the operative lawsuit involves everything. I thought his involvement in the French murder was the key, or alleged involvement, or non-involvement, or no charges, I guess, as it relates to Jewell and convincing somebody to implicate him in that murder. I mean, that was what Judge Hale, or I can't remember who the judge was, was it Judge Hale, dismissed, right? And then you amended to bring the other parts of the lawsuit with the other defendants. But I mean, isn't that murder charge, that's the key? The murder charge is the focus of this appeal because that is what was dismissed on a which the lower court ruled was sufficiently amended in terms of the factual allegations. The key, though, and the reason why Plaintiff was barred by Heather McDonough, is because the first time he was implicated in the murder, what would have been the first time he was implicated in the sodomy was from the same witness statement, Montoya Tyson, obtained by the same defendant here, Defendant Jewell. And in that statement, Ms. Tyson first implicates him in the murder of Jennifer French, and also implicates him in a sodomy. Right. Now, I understand that. I guess the question is, I mean, it's just a legal question, right? When did the claim accrue? Was it a year from the dismissal of the indictment that had the murder charge? Or was it a year from the dismissal of all charges? And I guess I'm curious. It seems straightforward to me that it would normally be when the favorable termination would be when the indictment was dismissed with the murder charge. So why isn't it that? I guess, why isn't that answer the correct answer? Yes, Your Honor. So I think what McDonough says is, and what I think this court followed in King, is that it is the favorable resolution of the The Commonwealth in 2010 took all the pending charges and convinced the state court that they should be consolidated into a single criminal proceeding. And I read the court at the beginning as to why they said it was a pattern of conduct by the criminal defendant. And so that rule... Didn't we specifically say in King that it was the dismissal of the indictment? But what the court held was that the dismissal of the indictment in King formed the favorable resolution of the criminal proceeding. But what King didn't have, and what the plaintiff here does have, is the fact that there were charges from a witness implicating him in the indictment that was dismissed, Montoya Tyson, that still continued on and existed after the dismissal of the indictment. And so if plaintiff had filed to, and he did, he filed a pro se lawsuit in 2009 that was dismissed on heck grounds. It was referring to Younger. It was more about staying the litigation pending state, but it's the same principle that applies. And the district court said in 2010, come back later. You're too early. And so what happens in 2016... Right, but presumably under the district court's logic, had the malicious prosecution lawsuit been filed involving the implication in the French murder, the district court would have let that case go forward and not said that Younger or Heck were implicated. Under the logic of the district court's decision, that case would have gone forward and the parallel criminal proceeding that involved the other charges would have also gone forward, I take it. We believe not, Your Honor. And I would focus this court to the docket or the chart that was actually filed that sort of lays out the different indictments. But by the time of 2010, the original district court, which was different than the court that issued the opinion, by 2010, there had been dismissals of charges for sodomy, of murder. The murder was actually first dismissed March 17th, 2009, but there were still continuing... There's something I can't see. I'm sorry, Your Honor. This was something that was filed with the docket, I believe. I could get the record citation when I come back on rebuttal. No, go ahead. I understood your... I apologize. But there were two dismissals prior to the 2010... Two state court dismissals of indictments prior to the 2010 dismissal of the lawsuit. And that district court said, well, even though you got some charges dismissed, there are some that remain pending and you're still litigating that. And so we're not getting involved in state court criminal litigation. And I believe that if the district court here applied that same analysis, if he had filed within a year of the murder charge dismissed, I think it would have been consistent for this to dismiss again and say, come back when it's over. And there could have been... And there's a very practical reason as to why this court in King and the Supreme Court in Heck... And what I would say... But what's the... What is the line? What is the relatedness? What's the inquiry that you would have us do? Let's say, is it just... I mean, it was a single indictment. That indictment was dismissed and the pending charges were from a different indictment. That seems to me, could be a line that you would draw. If this isn't the same indictment, maybe it's something like the same transaction or occurrence or something like that. How do I know that this is not completely unrelated in some way to what is pending? Yes, Your Honor. What I could say is this court could follow what the Commonwealth argue, is that in 2010, to have the cases consolidated, to have the charges consolidated into a single criminal proceeding, the nature of the crimes and the evidence are similar and all part of a pattern of conduct. So as long as this court... That's an argument that they made in the state criminal proceedings to consolidate the indictments back in 2010, whenever it was. Exactly. And so I think that what this court could do is follow McDonough, which the district court wasn't privy to because it didn't come out until a year after the district court ruling here, and could say is when there's a criminal proceeding and somebody has multiple charges against them that are brought by the same witness and statements obtained by the same detective, and one of those charges get dismissed, as long as other charges remain pending, that defendant could not collaterally attack those charges through a section 1983 lawsuit until all charges are favorably dismissed. Wouldn't you run into a problem with that argument here in that the murder charge is not being related to the other offenses? We believe not, Your Honor, because the murder... He was first implicated in the murder on December 10, 2004 in a statement obtained by Defendant Jewell, and the witness was Montoya which did continue on into the dismissal on April 5, 2016. What do you mean by implicated? She told the detectives in that statement, which the plaintiff alleged was fabricated, that she said Percy Brown confessed to the murder. That's what the statement says. She also said that he sexually assaulted herself. She also implicates him in sexually had filed suit saying that that statement was fabricated within one year of the 2015 dismissal, he would have been necessarily attacking the credibility of that statement with regard to the pending charges against him for sodomy based on Montoya Tyson. Same witness, same statement, same detective. A different charge, but from the same statement. So you could have a situation where Mr. Brown has a 1983 lawsuit and convinces a jury that it was fabricated, that statement, December 10, 2004 was fabricated, that Montoya Tyson was just repeating what officers told her. And you could also have him getting convicted in state criminal court on the sodomy charge that originally stems from that same statement. They would be inherently contradictory. And that's what this court in King and the Supreme Court, Heck McDonough, says. We don't want a case-by-case analysis of district courts. We want there to be uniformity. We want the criminal proceedings to be resolved. We don't want inconsistent verdicts. And we don't want a situation where you have a criminal defendant who has to decide to sue the police and prosecutor in one case while that police and prosecutor are prosecuting him on related charges. That puts a defendant in an entirely difficult position. I understand the fact pattern here is complicated. There are a lot of indictments and perhaps the factual scenario here is a bit of unicorn. Does it matter that the defendant was only involved in that one charge? With regard to the witness or the defendant? I'm sorry, Your Honor. I'm sorry. The defendant in this lawsuit, as I understand it, he was only involved with the murder charge. Oh, I see. The police officer defendant, not the plaintiff. Yes, the defendant in this case. He took a statement that implicated Mr. Brown in sodomy and murder. That's that December 10, 2004 statement. Mr. Brown wasn't indicted on that until four years later, but that was the first time that he was implicated and it was this defendant that took it. Montoya witness in both charges, same detective, same statement. If he filed suit before the dismissal, the sodomy charge, he would have been necessarily collaterally attacking the reliability of that statement and of sodomy and murder charges. I'd ask to reserve my remain time for rebuttal. Thank you, Your Honors. Thank you. Good afternoon. May it please the court. Matt Barsh on behalf of Jeffrey Jewell. There are a few things that my friend said that are inconsistent with the amended complaint and with what the district court determined. The first is that the statement that Jeff Jewell took from Montoya Tyson. I'm sorry, the what? The statement that Jeff Jewell took from Montoya Tyson in December of 2004. That statement, as the district court pointed out in its opinion, granting the motion for judgment on the pleadings, that statement from Tyson did not contain any statement from her that Percy Brown had sexually assaulted her. The only reference to sexual assault against Jennifer French, a crime for which Mr. Brown was never charged. Second, the December 2004 statement, that was not used to indict Mr. Brown for the murder of Jennifer French. It was a separate statement from Montoya Tyson taken four years later by a different different police agency. That was what resulted. I'm curious of the implication of what you're saying. Are you just saying it should have been dismissed not on statute of limitations ground, but on failure to state a claim? Well, and what would be the operative complaint? The original complaint that was dismissed as to Jewell, as to anything arising out of the 09, so my understanding is 09 murder, statute of limitations bar, or not 09, French murder, statute of limitations bar, right? That's correct. Then, but you can amend your complaint, but amend it without anything involving, without a claim involving that murder, right? Correct. Okay. Normally, the operative complaint is the amended complaint and the original complaint goes away, but in this case, the plaintiff was told you can't, you can replete, but you can't replete involving the French murder. So is the original complaint, the operative complaint, when we're looking at Jewell's involvement and the 09, or I don't know why I keep saying 09, and the French murder? I think that might be a distinction without a whole lot of difference, just in terms of the factual allegations in the- Seems to me there are more factual allegations in the amended complaint about your client. So maybe you would want it to be the original. I don't know what the implication is other than if you were getting at maybe there was a failure to state a claim, just a failure to state a claim, even if the statute of limitations was met. That's certainly the case, but to address my friend's point, this notion that there would be some sort of collateral proceeding, it's just not there because the statement at issue that Jeff Jewell took from Montoya Tyson, that statement was not used to indict Montoya Tyson for sexual assault. And so the idea that this was somehow still an ongoing singular prosecution after the dismissal of the murder charge- Okay, let me ask you this question about the statute of limitations question and the accrual question. In 2010, when his 1983 claim was dismissed, were there some state criminal charges that had been dropped that were the subject of that dismissed complaint? I don't know the answer to that, Judge. I'm sorry. Okay. Okay. What is the rule that you would be looking for in terms of when we would determine that there had been a favorable termination? Is it simply when this particular charge was dropped or every charge in a single indictment or what? I mean, what? Mills v. Barnard, Sixth Circuit case. In that case, the plaintiff had been charged with three crimes, rape, oral sexual assault, oral contact with a minor, oral sexual contact with a minor, digital sexual contact with a minor. He obtained a new trial on the rape charge. And this court said the statute of limitations doesn't accrue until the same charges are dismissed. And in that case, we're dealing with two charges that are lesser included offenses to the rape charge. The same victim, the same evidence, the same proof. What the Supreme Court talked about in Thompson v. Clark is the favorable resolution requirement and how that doesn't necessarily mean dismissed in a manner indicative of the person's innocence. The facts in that case were the prosecution just dismissed the charges without explanation two days before trial. And what the Supreme Court talked about in that case was the favorable termination requirement. It exists sort of for three fundamental reasons. One, we don't want a collateral attack on the underlying criminal proceedings. Two, we don't want parallel litigation over issues of probable cause or guilt. And three, there's no possibility of inconsistent outcomes if we have this favorable resolution. And so we take that, we look at the murder charge here. That charge is, all charges are dismissed February 23, 2015. Mr. Brown is then re-indicted that same day on sodomy, sexual assault, rape, other charges. So again, different victims, different evidence, different dates in question. And so looking at Thompson v. Clark, could Mr. Brown have filed suit following the dismissal of the murder charge? Well, let me ask you a question. If he had filed this complaint the day after the dismissal of that indictment, or let's say two days after because of the re-indictment, would you have come into court and said, oh, you can't, this case can't go forward until the criminal case is over? I don't think so. And the reason for that is because we're looking at a charge that is unrelated to the ongoing charge, murder versus sexual assault, different victims, different evidence, different proof, different dates of the underlying case and trying to get in evidence of this and this and that, you'd argue to the judge, well, it's all part of the race just die, or it's all intrinsic. They may be a separate crime from a different victim's different day, but there's no question that it's all part of a whole. Not as it relates to Jewell, because again, the only statement that the amended complaint alleges he had any involvement with, or the original complaint, to address your point, Judge. So if the suit had been filed with all these different defendants about different charges, you're saying that one claim would be right, just the claim against Jewell, but the others not, and don't you think the the court would say, well, let's hold off on this? Well, I emphasize Jewell because he's the party who I represent here, but I think the underlying charge or the end result would still be the same, because again, we're talking about a statement in 2004 that the complaint and the amended complaint alleges. This was not the statement that was used to indict him for the French murder four years later. It was a different statement obtained by a different detective. And so the idea that there would be some sort of concern with inconsistent outcomes or a collateral attack or parallel litigation regarding issues of probable cause or guilt, it's just not there. I'm sorry, I should know. Is there a is there a civil conspiracy charge here? There is, Judge. Okay, so why, if it's an ongoing conspiracy, why isn't that timely, if it's all one, if the allegation is that it's all one conspiracy? Well, the amended complaint, the allegation is that the civil conspiracy existed to frame Percy Brown for Jennifer French's murder. If the murder charge is dismissed, then obviously that conspiracy claim would theoretically be ripe at the dismissal of the murder charge. But if it's, I'm sorry, are you saying the allegation only applies to the murder charge? The civil conspiracy charge in the amended complaint, I think it's count four, specifically says the defendants conspired to frame Percy Brown for the murder of Jennifer French. I'm sorry, just for the murder? I believe that's correct. My apologies. After Ms. French was murdered, the defendant officers reached an agreement among themselves to frame Mr. Brown for the crimes. So that's paragraph 143 of the amended complaint, that's docket 54. I'm sorry, go ahead. Was that allegation problematic in light of the district court's admonition that you weren't supposed to base the claim on the French murder? Say that again, I'm not sure I'm following you. Well, I thought they weren't supposed to use the French murder as the basis for a claim because of the statute of limitations. Correct. Wouldn't that count have been problematic under that? We certainly thought so and objected to it, but the district court determined differently. But you made a motion for judgment on the pleadings after the amended complaint, right? Correct. Which you prevailed on. That's technically the judgment, I suppose, that we're up here on. What was left? What were the allegations against your client without the French murder being involved? The allegations against Jewell were that he, in December of 2004, took a statement from Montoya Tyson that, among other things, implicated him in the French murder. We'll put that aside. But the allegation was that the statement that Jewell obtained implicated Mr. Brown in sexual assault against Montoya Tyson. The district court determined the statement at issue was integral to the amended complaint, and then Mr. Brown filed the statement at issue with the district court. And that statement, the only time Montoya Tyson talks about sexual assault, it's about sexual assault of Jennifer French, a crime for which Mr. Brown was not charged, and it doesn't relate to this lawsuit. And so the district court said when a document says one thing, we're bound to accept the document, not the complaint's characterization of it. And so it granted judgment on the pleadings for that reason. If there are no other questions, I'll yield my time. All right. Thank you. Thank you very much. Any rebuttal? Beginning to Judge White's question about the complaint, my friend was wrong. The original complaint and the amended complaint, but I'll start with the original complaint, record one, page site nine, alleges, in hindsight, the defendant officer's plan was entirely transparent. Alleges what? This is as to the conspiracy? Yeah. Page ID nine. In hindsight, the defendant officer's plan was entirely transparent. The defendant officers conspired to frame Mr. Brown for the murder of Jennifer French and other violent offenses by offering significant consideration to suspects in the forgery investigation in exchange for their false statements. This was a conspiracy as to all the charges, whether this court looks at the original complaint or the amended complaint. It's specifically alleged as that because that's what plaintiff maintains happened. He also has charges or claims related to due process for coercion, fabrication. And defendant Jewell, because he's alleged to be part of that conspiracy beginning in 2004, is liable for the misconduct against his co-defendants. He entered into it. He fabricated a statement. He promised deals that were later effectuated on Montoya Tyson were used to fabricate her later statements. So we believe, even if this court were to look at the December 10, 2004 statement as to the sufficiency of allegations, he's on the hook for what his co-defendants did and the corporate conspiracy doctrine would apply. These are people from the Louisville Metro Police Department, so we don't even have any issues there. Are there any defendants left in this lawsuit other than Jewell? Mr. Brown did reach a resolution of the claims with members of the Louisville Metro Police Department. Defendant Jewell is the last defendant in this litigation. In terms of Mills and what happened there, and Judge White was on that panel, we actually believe that supports plaintiff's case, not defendant, because in Mills, one of the charges was a drug crime. He had sexual assault charges. He had a drug crime. The issue there was the conviction was reversed, I believe, for sexual assault prior to the dismissal of the other claims. And so if one claim was dismissed there and not the others, there was an accrual issue. And what the court said is, this stuff all seems to be and so we're going to look at the date of the last dismissal and begin accrual there. And because of that, Mills supports what we argued before this court. And one thing I would like to point out is that the lower court did not have the benefit of McDonough when I issued this ruling. McDonough is very, very clear. It is the favorable termination is the end of the criminal proceeding. My friend doesn't argue, and nor could they, that the criminal proceeding ended with the dismissal of the murder charge. That criminal proceeding, where all the charges were consolidated, continue on until April 5th, 2016. How do you define criminal proceeding? I mean, everything was dismissed and there was a new indictment. Yes, Your Honor, but it was part of the charges that were dismissed. Many of those were carried over. There was actually an additional charge brought against Mr. Brown for intimidating a witness, ironically, Montoya Tyson, the statement that we're talking about here. I thought there was a new indictment the day after, February whatever it was. There was. Wasn't there just the new February 25th or something? Wasn't there a new indictment? Yes, Your Honor, and it stemmed from, and that indictment includes the charges that have been being litigated for seven years. But that was, it wasn't like a superseding indictment, was it? It was just a different indictment? It was a new indictment because... Was there a new case number given to it by the criminal court? I'm not sure about that, Your Honor, but I believe it was before the same judge that had the dismissal of the indictment. Because it was a related case or because it rolled to that judge? Exactly, and it's a related case, so it's the same criminal proceeding, and that is why... I'm not sure I agree with that. What definition of proceeding are you using? I think that when the Commonwealth successfully consolidated charges into a single criminal proceeding and that proceeding continues on. They had moved to consolidate before. I don't think they had moved to consolidate this time because they had dismissed everything else. I mean, there was maybe an eight-hour period there where there were no charges pending against your client, right? He was still incarcerated. I would agree with you, Your Honor. Okay, but there were no charges, and then indictment, and then new... I mean, I'm being formalistic here, but we're being formalistic, I think, in some of these things. So I'm not sure that's not a new criminal proceeding. I mean, I understand your argument, but I guess I need a little bit more than what's the... Do we have a definition of criminal proceeding in some other context, maybe? If they were entirely new charges that didn't relate back to the prior charges, then I would agree that this would be a new criminal proceeding. Here, what was happening is they were running into a speedy trial issue, and that's why there were so many dismissals and re-indictments. It's because he raised a speedy trial demand, and the Commonwealth kept having to dismiss and re-indict to get around that. We believe it's the same criminal... Okay, so they would relate back for purposes of speedy trial calculation. Well, it would restart the clock. Restart the clock? It restarted the clock. Well, that suggests that it's a new proceeding then, doesn't it? I think it's the opposite, Your Honor. That is a technical way the Commonwealth got around it. It would be a new proceeding if they went after him on entirely new charges. What they were is the same charge, same witness statement, and oftentimes the same detective testifying for the grand jury, just recycling the speedy trial clock. We believe because Montoya Tyson's statement in sodomy charges existed until April 5th, 2016, he was precluded under Heck and McDonough from filing suit. So if they're separate proceedings, then you would have been able to start an action right after it was dismissed, right? If it was an entirely separate, unrelated proceeding, that's our belief, Your Honor, and that's what the judge ruled in 2010. But your point is you really couldn't. Exactly. And in 2010, the district court said that. You might want to wrap up. Your life's been on quite a while there, so... I apologize, Your Honors. We appreciate your consideration of the issues. We believe McDonough controls. We'd ask you to reverse the lower court ruling. Thank you. Thank you. Thank you for your arguments, and the case is submitted.